**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 19-4867**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAWANZA KEVIN CARTER,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:18-cr-00313-JKB-1)

---

Submitted: December 1, 2021             Decided: January 10, 2022

---

Before QUATTLEBAUM and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

---

Affirmed in part, dismissed in part by unpublished per curiam opinion.

---

Robin M. Earnest, EARNEST ATTORNEY AT LAW, LLC, Riverdale, Maryland, for Appellant. Robert K. Hur, United States Attorney, Paul A. Riley, Assistant United States Attorney, Brandon K. Moore, Assistant United States Attorney, OFFICE OF UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jawanza Kevin Carter pled guilty, pursuant to a written plea agreement, to robbery of a controlled substance by use of a dangerous weapon, in violation of 18 U.S.C. §§ 2118(a), (c)(1), 2, and brandishing a firearm during a crime of violence, specifically, robbery involving controlled substances, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2. On appeal, Carter argues that the district court erred in denying his motion to withdraw his guilty plea and in declining to apply at sentencing a two-level reduction for acceptance of responsibility pursuant to U.S. Sentencing Guidelines Manual § 3E1.1(a) (2018).

We review a district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). A criminal defendant may withdraw a plea after a court has accepted it if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant does not have an absolute right to withdraw a guilty plea, *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019), and "bears the burden of demonstrating that withdrawal should be granted," *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted).

A district court considers a variety of factors when deciding whether the defendant has met his burden, including: (1) whether he provided credible evidence that his plea was not knowing or voluntary; (2) whether he credibly asserted his legal innocence; (3) whether there was a delay between entering the plea and moving for withdrawal; (4) whether he had close assistance of competent counsel; (5) whether the withdrawal of the plea would prejudice the government; and (6) whether the withdrawal would inconvenience the court

2

and waste judicial resources. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). The first, second, and fourth factors are generally the most significant, *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995), and "a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn," *Nicholson*, 676 F.3d at 384 (internal quotation marks omitted). We have carefully reviewed the record and the relevant legal authorities and conclude that the district court did not abuse its discretion in denying Carter's motion to withdraw his guilty plea.

The Government argues that Carter's sentencing claim is barred by the appellate waiver in Carter's plea agreement. "We review an appellate waiver de novo to determine whether the waiver is enforceable." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). When the Government seeks to enforce an appeal waiver and has not breached its obligations under the plea agreement, this court will enforce the waiver if the defendant knowingly and voluntarily agreed to waive his right to appeal and the issues raised on appeal fall within the scope of the waiver. *Id*.

The district court conducted a thorough plea hearing and ascertained that Carter discussed the plea agreement with his attorney and that he understood its provisions, and the district court specifically confirmed with Carter that he waived the right to appeal his sentence and that his sentence might exceed his attorney's estimate. Upon review of the record, we conclude that Carter knowingly and voluntarily waived his right to appeal, that the appellate waiver is valid, and that the sentencing issue Carter seeks to raise on appeal falls squarely within the scope of his waiver of appellate rights.

3

Accordingly, we affirm in part and dismiss in part the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*